UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY ANTONIO WRIGHT,

    Plaintiff,

v.

GRANT AUSTIN.

    Defendant.

CASE NO. 3:15-CV-05887-BHS-JRC

ORDER GRANTING MOTION TO AMEND

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Before the Court is plaintiff's motion to amend his complaint. Dkt. 9. The Court grants plaintiff's motion as a matter of course. Plaintiff must file his amended complaint on or before February 4, 2016. However, plaintiff is also advised that his amended complaint must only address one claim or related incidents.

DISCUSSION

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff filed his motion to amend prior to service and prior to the filing of a responsive pleading. *See* Docket. Therefore, plaintiff has the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2007 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (*quoting Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)). Accordingly, plaintiff's motion (Dkt. 9) is granted.

However, plaintiff is advised that the Federal Rules of Civil Procedure set forth the rules regarding joinder of parties or claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a); *see also, Aul v. Allstate Life Ins. Co.,* 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."). A claim may be brought against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir.1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.3d 1371, 1375 (9th Cir. 1980).

1     "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U .S.C. § 1915(g)." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Thus, a plaintiff may not change the nature of his suit by adding new, unrelated claims in his amended complaint. *George,* 507 F.3d at 607 (no "buckshot" complaints).

    The Court notes that the claim that plaintiff seeks to add in his motion to amend does not conform with Federal Rules of Civil Procedure 18 and 20, and cannot proceed in a single action. Plaintiff's claim against defendant Austin relates to an incident in January 2015 and an allegation that defendant Austin attempted to kill plaintiff while plaintiff was choking. Dkt. 8. Plaintiff's motion to amend discusses a different incident on December 12, 2015 involving defendant Conmed and a denial of adequate medical treatment for plaintiff's seizures. Dkt. 9. These claims belong in separate complaints, each subject to separate filing fees and screening requirements.

## CONCLUSION

    The Court grants plaintiff's motion (Dkt. 9) and plaintiff is granted leave to amend his complaint on or before February 4, 2016. Plaintiff's amended complaint must only address one claim or related incidents. Plaintiff may decide which of his claims he wishes to proceed on in this action, and which he will raise in other actions.

    Dated this 4th day of January, 2016.

    */s/ J. Richard Creatura*

    J. Richard Creatura
    United States Magistrate Judge