UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY ANTONIO WRIGHT,

               Plaintiff,

    v.

GRANT AUSTIN et al.,

               Defendants.

CASE NO. 3:15-CV-05887-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Gregory Antonio Wright, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants used excessive force when jail officials and medical staff responded to plaintiff choking on a spork. However, the Court provides plaintiff leave to file an amended pleading by April 15, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Clark County Jail, alleges that on January 13, 2015, he was placed in the rubber room at the Clark County Jail and swallowed a part of his spork (a "spork" is a combination spoon and fork commonly used in jails). Dkt. 13 at 3. Plaintiff

alleges that he started to choke and that non-party Mohan saw plaintiff on the ground and called for help. *Id.* Plaintiff alleges that non-parties Austin and Schmierer responded along with other deputy officers and medical staff. *Id.* Plaintiff alleges that Austin then handcuffed plaintiff and placed his legs in shackles. *Id.* Plaintiff alleges that Mohan tried to get the piece of spork out of plaintiff's mouth and Austin placed his knee down on plaintiff's neck and pushed down "with all of his weight." *Id.* Plaintiff alleges that he then began to choke even worse. *Id.*

Plaintiff alleges that when Mohan saw Austin he asked Austin, "what are you doing" and told him to stop. *Id.* Plaintiff alleges that when Mohan realized Austin was not going to stop, she tried to push Austin off of plaintiff. *Id.* Plaintiff alleges that Mohan told Austin to stop again and said "Austin stop stop Austin it's okay stop we won't get away with this one" and tried to pull Austin off of plaintiff. *Id.* Plaintiff alleges that Austin removed his knee from plaintiff's neck and placed it on plaintiff's jaw and pressed down with all of his weight. *Id.* Plaintiff alleges that Austin then stopped. *Id.*

Plaintiff names the Clark County Sheriff's Office and Sheriff Chuck Atkins as defendants and alleges that this is because Austin is employed by the Sheriff's Office and that it is their duty to make sure that their officers are properly trained. *Id.*

Plaintiff seeks $5 million in damages, all of his current criminal charges dismissed, his criminal record expunged, Autumn Bruce's criminal record expunged and something to be done about Clark County Jail and how it is run. Dkt. 13 at 4.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

1  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

2  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

3  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

4  152 F.3d 1193 (9th Cir. 1998).

5          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

6  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

7  the violation was proximately caused by a person acting under color of state law. *See Crumpton

8  v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

9  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

10  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

11  named defendants caused, or personally participated in causing, the harm alleged in the

12  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

13          Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an

14  amended complaint.

15  **A.      Excessive Force**

16          Plaintiff alleges that defendants used excessive force in violation of the Eighth

17  Amendment when they responded to plaintiff choking on a spork. Dkt. 13. An Eighth

18  Amendment claim may be predicated on an officer's use of excessive force when interacting with

19  a prisoner. "When prison officials use excessive force against prisoners, they violate the inmates'

20  Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez,* 298

21  F.3d 898, 903 (9th Cir.2002). However, "[f]orce does not amount to a constitutional violation in

22  this respect if it is applied in a good faith effort to restore discipline and order and not

23  'maliciously and sadistically for the very purpose of causing harm.' " *Id.* (*quoting Whitley v.*

24

ORDER TO SHOW CAUSE OR AMEND - 3

*Albers,* 475 U.S. 312, 320–321 (1986)); *see also Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010) (holding that, to prevail on an excessive force claim, a plaintiff must allege "not only that the assault actually occurred but also that it was carried out maliciously and sadistically rather than as part of a good-faith effort to maintain or restore discipline"). The Court must consider the following relevant factors to determine whether the use of force was wanton and unnecessary: "the extent of injury suffered [,] ... the need for application of force, the relationship between that need and the amount of force used, the threat [to the safety of staff and inmates] 'reasonably perceived by the responsible officials,' and 'any efforts to temper the severity of a forceful response.' " *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) (*quoting Whitley,* 475 U.S. at 322).

Plaintiff alleges that he was choking on a spork and that in response, non-party Austin placed his knee on plaintiff's neck and pushed down with all of his weight, causing plaintiff to choke more. Dkt. 13 at 3. Plaintiff alleges that Mohan told Austin to stop and tried to push Austin off plaintiff. *Id.* Plaintiff contends that Austin placed his knee on plaintiff's jaw, then stopped. *Id.* Plaintiff alleges that during the response, he was handcuffed and his legs were shackled. *Id.*

Plaintiff names only the Clark County Sheriff's Office and Clark County Sheriff Chuck Atkins as parties. He does not name Austin. A governmental agency such as the Clark County Sheriff's Office normally cannot be sued under § 1983 because it is not a municipality. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990). If sufficient facts are alleged, the proper defendant would be Clark County, which is a municipality that can be sued under § 1983. However, to hold a municipality such as Clark County liable, plaintiff must show that the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the

1   municipality's "policy statement, ordinance, regulation, or decision officially adopted and

2   promulgated by that body's Officers."  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)

3   (*quoting Monell*, 436 U.S. at 690).  A local governmental unit may not be held responsible for

4   the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of*

5   *Soc. Servs.*, 436 U.S. 658, 694 (1978).

6          Plaintiff fails to identify what custom or policy of Clark County, if any, caused the

7   injuries of which he complains.  Therefore, his present allegations do not support a claim against

8   Clark County.

9          Plaintiff's allegations against Sheriff Atkins are similarly deficient.  Section 1983

10  supervisory liability cannot be based on respondeat superior.  See *Monell v. New York City Dep't*

11  *of Social Servs.*, 436 U.S. 658, 691 (1978).  A § 1983 action may not be brought against a

12  supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  See

13  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  To the extent that plaintiff's allegations

14  against Sheriff Atkins are premised on his responsibility for jail employees and operation of the

15  jail, alone such allegations are insufficient to state a § 1983 against Sheriff Atkins.  To state a

16  claim against any individual defendant, plaintiff must allege facts showing that the individual

17  defendant participated in or directed the alleged violation, or knew of the violation and failed to

18  act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525

19  U.S. 1154 (1999).  Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must

20  plead that each government-official defendant, through the official's own individual actions, has

21  violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d

22  868 (2009).  Plaintiff alleges only that Sheriff Atkins had a duty to make sure that his officers

23  were trained. Dkt. 13 at 3. This is not sufficient to establish that he is liable in his individual

24

capacity.  Plaintiff must allege facts showing that Sheriff Atkins participated in or knowingly failed to prevent a violation of plaintiff's constitutional rights.

As presently plead, plaintiff's complaint also fails to establish that defendant Atkins may be held liable in his official capacity.  Sheriff Atkins is employed by Clark County.  A claim against a municipal official in his official capacity is treated as a claim against the entity itself. *Kentucky v. Graham*, 472 U.S. 159, 166, 105 S.Ct. 2545, 86 L.Ed.2d 112 (1985).  Because plaintiff has failed to state a claim against Clark County, he has also failed to state a claim that Sheriff Atkins violated his rights while acting in his official capacity.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

**B.      Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.  An amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file a amended complaint or fails to adequately address the issues raised herein on or before **April 15, 2016** the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 14th day of March, 2016.

J. Richard Creatura
United States Magistrate Judge