UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY ANTONIO WRIGHT,

    Plaintiff,

    v.

CLARK COUNTY SHERIFF'S OFFICE et al.,

    Defendants.

CASE NO. 3:15-CV-05887-BHS-JRC

SECOND ORDER TO SHOW CAUSE

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff Gregory Antonio Wright, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. On March 14, 2016, the Court reviewed plaintiff's complaint and found it deficient. The Court ordered plaintiff to show cause why his complaint should not be dismissed. Dkt.18. Alternatively, plaintiff was given a deadline of April 15, 2016 to file an amended complaint. *Id*. Plaintiff did not file an amended complaint or otherwise respond to the Court's order. *See* Dkt. Because the allegations of excessive force are concerning,

REPORT AND RECOMMENDATION - 1

1  the Court again orders plaintiff to file an amended complaint or show cause why his complaint
2  should not be dismissed on or before May 27, 2016.

## BACKGROUND

Plaintiff is currently incarcerated at the Clark County Jail and names the Clark County Sheriff's Office and Sheriff Chuck Atkins as defendants. Plaintiff alleges that this is because Sergeant Grant Austin is employed by the Sheriff's Office and that it is the Sheriff's Office's duty to make sure that its officers are properly trained. *Id.*

On January 13, 2015, plaintiff alleges that he was placed in the rubber room at the Clark County Jail and swallowed a part of his spork (a "spork" is a combination spoon and fork commonly used in jails). Dkt. 13 at 3. Plaintiff alleges that he started to choke and that non-party Mohan saw plaintiff on the ground and called for help. *Id.* Plaintiff alleges that non-parties Austin and Schmierer responded along with other deputy officers and medical staff. *Id.* Plaintiff alleges that Austin then handcuffed plaintiff and placed his legs in shackles. *Id.* Plaintiff alleges that Mohan tried to get the piece of spork out of plaintiff's mouth and Austin placed his knee down on plaintiff's neck and pushed down "with all of his weight." *Id.* Plaintiff alleges that he then began to choke even worse. *Id.*

Plaintiff alleges that when Mohan saw Austin he asked Austin, "what are you doing" and told him to stop. *Id.* Plaintiff alleges that when Mohan realized Austin was not going to stop, she tried to push Austin off of plaintiff. *Id.* Plaintiff alleges that Mohan told Austin to stop again and said "Austin stop stop Austin it's okay stop we won't get away with this one" and tried to pull Austin off of plaintiff. *Id.* Plaintiff alleges that Austin removed his knee from plaintiff's neck and placed it on plaintiff's jaw and pressed down with all of his weight. *Id.* Plaintiff alleges that Austin then stopped. *Id.*

1    Plaintiff seeks $5 million in damages, all of his current criminal charges dismissed, his
2 criminal record expunged, Autumn Bruce's criminal record expunged and something to be done
3 about Clark County Jail and how it is run. Dkt. 13 at 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**A.   Excessive Force**

Plaintiff alleges that defendants used excessive force in violation of the Eighth Amendment when they responded to plaintiff choking on a spork. Dkt. 13. An Eighth Amendment claim may be predicated on an officer's use of excessive force when interacting with

a prisoner. "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez,* 298 F.3d 898, 903 (9th Cir. 2002). However, "[f]orce does not amount to a constitutional violation in this respect if it is applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.' " *Id.* (*quoting Whitley v. Albers,* 475 U.S. 312, 320–321 (1986)); *see also Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010) (holding that, to prevail on an excessive force claim, a plaintiff must allege "not only that the assault actually occurred but also that it was carried out maliciously and sadistically rather than as part of a good-faith effort to maintain or restore discipline"). The Court must consider the following relevant factors to determine whether the use of force was wanton and unnecessary: "the extent of injury suffered [,] ... the need for application of force, the relationship between that need and the amount of force used, the threat [to the safety of staff and inmates] 'reasonably perceived by the responsible officials,' and 'any efforts to temper the severity of a forceful response.' " *Hudson v. McMillian,* 503 U.S. 1, 7 (1992) (*quoting Whitley,* 475 U.S. at 322). The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner,* 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. *See Hudson,* 503 U.S. at 7-9. However, the Eighth Amendment does not reach *de minimis* uses of physical force. *Id.* at 6-7.

Plaintiff names the Clark County Sheriff's Office as a defendant and then states in the body of his complaint, "I'm adding the Clark County Sheriff's Office and the Clark County Sheriff Chuck Atkins to my claim because Seargeant [sic] Grant Austin is employed by the Sheriff office and the Sheriff and its [sic] their duty to make sure that their officers are properly trained (which they are not)." Dkt. 13 at 3.

A governmental agency such as the Clark County Sheriff's Office normally cannot be sued under § 1983 because it is not a municipality. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990). If sufficient facts are alleged, the proper defendant would be Clark County, which is a municipality that can be sued under § 1983. However, to hold a municipality such as Clark County liable, plaintiff must show that the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (*quoting Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff fails to identify what custom or policy of Clark County, if any, caused the injuries of which he complains. Therefore, his present allegations do not support a claim against Clark County.

Plaintiff named Austin as a defendant in his original complaint, *see* Dkt. 8, but did not name Austin in the amended complaint. Plaintiff's amended complaint supersedes his original complaint. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).Thus, it is not clear if plaintiff intends for Austin to be named as a defendant, or if he only seeks to name as defendants the Clark County Sheriff's Office and Sheriff Atkins. Even if plaintiff had named Austin as a defendant, he must plead more specific facts from which it may be inferred that Austin used excessive force. Plaintiff must describe whether he suffered any injury as a result of Austin's

1 | actions, whether there was a threat to plaintiff's safety, and whether there was any need for force
2 | to stop plaintiff from choking.
3 | Plaintiff's allegations against defendant Atkins are similarly deficient. Section 1983
4 | supervisory liability cannot be based on respondeat superior. See *Monell v. New York City Dep't*
5 | *of Social Servs.*, 436 U.S. 658, 691 (1978). A § 1983 action may not be brought against a
6 | supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. See
7 | *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To the extent that plaintiff's allegations
8 | against Sheriff Atkins are premised on his responsibility for jail employees and operation of the
9 | jail, such allegations are insufficient to state a § 1983 against Sheriff Atkins. To state a claim
10 | against any individual defendant, plaintiff must allege facts showing that the individual
11 | defendant participated in or directed the alleged violation, or knew of the violation and failed to
12 | act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525
13 | U.S. 1154 (1999). Because vicarious liability is inapplicable to a § 1983 suit, a plaintiff must
14 | plead that each government-official defendant, through the official's own individual actions, has
15 | violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d
16 | 868 (2009). Plaintiff alleges only that Sheriff Atkins had a duty to make sure that his officers
17 | were trained. Dkt. 13 at 3. This is not sufficient to establish that he is liable in his individual
18 | capacity. Plaintiff must allege facts showing that defendant Atkins participated in or knowingly
19 | failed to prevent a violation of plaintiff's constitutional rights.
20 | As presently plead, plaintiff's amended complaint also fails to establish that defendant
21 | Atkins may be held liable in his official capacity. Defendant Atkins is employed by Clark
22 | County. A claim against a municipal official in his official capacity is treated as a claim against
23 | the entity itself. *Kentucky v. Graham*, 472 U.S. 159, 166, 105 S.Ct. 2545, 86 L.Ed.2d 112
24 |

(1985).  Because plaintiff has failed to state a claim against Clark County, he has also failed to state a claim that defendant Atkins violated his rights while acting in his official capacity.

If plaintiff wishes to pursue this § 1983 action, he must provide a second amended complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm. Plaintiff should specify who he intends to name as defendants in this cause of action, whether Austin is a named defendant, and specific facts, if any, that show how Austin caused plaintiff injury and how he used force maliciously and sadistically for the purpose of causing harm.

**B.     Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an second amended complaint and within the second amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the original complaint and amended complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d

1  1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693

2  F.3d 896 (9th Cir. 2012).  Therefore, the second amended complaint must be complete in itself

3  and all facts and causes of action alleged in the original complaint that are not alleged in the

4  amended complaint are waived.  *Forsyth,* 114 F.3d at 1474. The Court will screen the second

5  amended complaint to determine whether it contains factual allegations linking each defendant to

6  the alleged violations of plaintiff's rights. The Court will not authorize service of the second

7  amended complaint on any defendant who is not specifically linked to a violation of plaintiff's

8  rights.

9       If plaintiff fails to file a second amended complaint or fails to adequately address the

10 issues raised herein on or before **May 27, 2016** the undersigned will recommend dismissal of this

11 action for failure to prosecute.

12      The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

13 civil rights complaint and for service. The Clerk is further directed to send copies of this order

14 and Pro Se Instruction Sheet to plaintiff.

15      Dated this 26th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge