1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT
9       WESTERN DISTRICT OF WASHINGTON
        AT TACOMA

10  GREGORY ANTONIO WRIGHT,

11                  Plaintiff,                CASE NO. 3:15-CV-05887-BHS-JRC

12       v.                                   ORDER GRANTING MOTION FOR
                                              PROTECTIVE ORDER AND MOTION
13  GRANT AUSTIN et al.,                      TO SEAL

14                  Defendants.

15      Before the Court is defendants' Motion for Protective Order and Motion to Seal

16  prohibiting plaintiff from publicly sharing surveillance video evidence obtained in this case.

17  Dkt. 32.  Plaintiff has not filed any opposition to the motions. *See* Dkt. Because defendants have

18  shown good cause to protect the information from being disclosed to the public, the Court grants

19  defendants motions.

20
        **1. Motion for Protective Order**
21
        Pursuant to Fed. R. Civ. P. 26(c), a protective order may be put in place "to protect a
22
    party or person from annoyance, embarrassment, oppression, or undue burden or expense." A
23
    protective order will not be signed by the court unless "good cause exists to protect the
24

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL -
1

1 information from being disclosed to the public by balancing the needs for discovery against the
2 need for confidentiality." *Pintos v. Pac Creditors Ass'n,* 565 F.3d 1106, 1115 (9th Cir. 2009).  A
3 court is required to evaluate good cause before agreeing to a protective order.  *See, e.g., Fultz v.*
4 *State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing Philips v.*
5 *General Motors Corp.,* 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002) *and San Jose Mercury*
6 *News, Inc. v. United States District Court,* 187 F.3d  1096, 1102 (9th Cir. 1999)).

7   Here, the parties are before the Court on a civil rights case in which plaintiff claims that
8 defendants used excessive force and violated his Eighth Amendment rights. Dkt. 13. The motion
9 for protective order and attached declaration, Dkts. 32, 32-1 (Declaration of Richard Bishop),
10 provide that the Clark County Sheriff's Office operates a video surveillance system through the
11 Clark County Jail. Dkt. 32-1 at ¶ 3. Mr. Bishop declares that the surveillance video system
12 allows officers to monitor inmates in their cells and common areas in order to promote security
13 and safety in the jail. *Id.* The system is also used to monitor inmates who are high risk because
14 they are violent or assaultive towards others or themselves. *Id.* Although the surveillance
15 cameras are located within the jail, their positions are sometimes disguised through high security
16 grade camera housings and the areas that the videos capture are not known to inmates. *Id.* The
17 cameras do not capture every area of the jail and result in blind spots where inmates' activities
18 cannot be captured. *Id.*

19   The video in question was taken from security cameras located within plaintiff's cell and
20 common areas of the jail. *Id.* at ¶ 4. Mr. Bishop declares that the dissemination of this video
21 would reveal security vulnerabilities and camera blind spots. *Id.* If this information was shared
22 with other inmates and the public, it would jeopardize the security and safety of inmates, jail
23 staff and the public. *Id.* Mr. Bishop declares that the dissemination of the video would advise
24

inmates and the public of places within the jail where unlawful, violent and suicidal actions cannot be seen or recorded by jail staff. *Id.* Additionally, the video would reveal security vulnerabilities that enhance the likelihood of an inmate escaping their confinement. *Id.*

Defendants do not oppose plaintiff's viewing of the surveillance video in question and have made arrangements for plaintiff to do so. Dkt. 32. Mr. Bishop declares that although plaintiff may not physically possess a media storage device or player, defendants are prepared to provide plaintiff with reasonable opportunities for him to view the surveillance video under supervision. *Id.* at ¶ 5.

Because defendants have made arrangements for plaintiff to view the surveillance video, the sole concern is the harm that would result from making the video public. The Court finds that defendants have made the required showing under Rule 26. While there is value to the openness of our court system which promotes accountability and sheds light on matters of public importance, confidentiality may be necessary in certain cases. This is one of those circumstances. Defendants have shown good cause, including the security and safety risk to inmates, staff and the public, to preclude unrestricted access of the surveillance video. *See e.g. Fourhorn v. City and County of Denver,* 261 F.R.D. 654 (D. Colo. 2009) (court issued a protective order which prohibited dissemination of jail policies and security information noting ample case law addressing issued related to jail or prison security and safety). Plaintiff has not placed anything before the Court to refute defendants' contentions.

Thus, the Court grants defendants' motion for protective order (Dkt. 32). The parties and their respective counsel are prohibited from disclosing, sharing, transmitting, or disseminating Clark County Jail's surveillance video to third parties, except as may be necessary to prosecute

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER AND MOTION TO SEAL -
3

1 or defend this case. Unless otherwise ordered by the Court, or expressly agreed to by the parties, Clark County Jail's surveillance video may only be disclosed to:

    a. The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b. Experts and consultants to whom disclosure is reasonably necessary for this litigation, provided that a party provides the expert or consultant with a copy of this order and instructs them not to disclose Clark County Jail's surveillance video to third parties and to return all originals and copies;

    c. The Court, Court personnel, and court reporters and their staff;

    d. During depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that the party making the disclosure has provided the witness with a copy of this order and instructs them not to disclose Clark County Jail's surveillance video to third parties unless otherwise agreed by Clark County or ordered by the Court. Clark County Jail surveillance video offered as an exhibit must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under his order; and

    e. The records custodian or recipient of Clark County Jail's surveillance video.

**2. Motion to Seal**

Defendants also move for the Court to seal the surveillance video. Dkt. 32. Plaintiff has not opposed defendants' motion.

Local Civil Rule 5(g) allows the court to seal documents and other evidence upon a showing that a party cannot avoid filing a document under seal and a statute, rule, or prior court

1 order expressly authorizes the party to file the document under seal or a party files a motion or

2 stipulated motion to seal before or at the same time the party files the sealed document.  LCR

3 5(g)(1)-(2).

4       Defendants substantially comply with Local Rule 5. As stated above, the failure to seal

5 the surveillance video may put inmates, staff and the public's security and safety at risk and

6 filing the video under seal ensures that sensitive information is kept confidential.

7       Thus, defendants' motion to seal (Dkt. 32) is granted. If any party seeks to file the

8 surveillance video with the Court, the party is required to file the video under seal pursuant to

9 Local Rule 5.

10       Dated this 5th day of December, 2016.

                                                   J. Richard Creatura
                                                   United States Magistrate Judge