UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY ANTONIO WRIGHT,<br><br>          Plaintiff,<br>    v.<br><br>GRANT AUSTIN, et al.,<br><br>          Defendants. | CASE NO. C15-5887BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 45), and Plaintiff Gregory Antonio Wright's ("Plaintiff") objections to the R&R (Dkt. 46).

    On December 30, 2015, Plaintiff filed his complaint. Dkt. 8. On March 14, 2016, Judge Creatura ordered Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim. Dkt. 18. On April 26, 2016, lacking a response from Plaintiff, Judge Creatura again ordered Plaintiff to file an amended complaint or show cause why his complaint should not be dismissed on or before May 27, 2016. Dkt. 19. Plaintiff filed his second amended complaint on May 19, 2016. Dkt. 20.

    On December 22, 2016, Defendants moved for summary judgment. Dkt. 35. In support of their motion, Defendants submitted declarations and a DVD containing jail

surveillance video. Dkts. 36, 37, 38, 39. On January 17, 2017, Plaintiff submitted a letter with attached photos that he argues support his claim. Dkt. 42. Judge Creatura construed this letter and attachments as a response to Defendants' motion for summary judgment. *See* Dkt. 43. On January 20, 2017, Defendants replied. Dkt. 44.

On February 2, 2017, Judge Creatura issued the R&R, recommending that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's claims for failure to exhaust administrative remedies. Dkt. 45. On March 6, 2017, Plaintiff objected to the R&R. Dkt. 46. On March 24, 2017, Defendants responded. Dkt. 47.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Plaintiff's objections do not address Judge Creatura's basis for dismissal. Petitioner argues that he was not allowed to file grievances while placed on suicide watch, but the R&R focuses on his failure to pursue administrative remedies upon his release. Dkt. 45 at 9–10. The Court agrees with the R&R. The fact that Plaintiff filed numerous unrelated grievances after the events giving rise to his lawsuit indicate that Plaintiff was able to pursue the Jail's administrative remedies, but simply failed to do so. *See* Dkt. 36 at 3.

Also, although Plaintiff levels serious allegations surrounding his recent inability to file a grievance while on suicide watch—namely, that he was provided two grievances without writing utensils and then instructed to write his grievances in blood—these

allegations are unrelated to the claims set out in Plaintiff's amended complaint.[1] The allegations in Plaintiff's objections deal with recent events and the grievance forms attached to his objections are dated recently. *See* Dkt. 46. Plaintiff's complaint, however, is based on alleged incidents occurring in 2015. Dkt. 20. Plaintiff's allegations pertaining to recent events do not state any cognizable objections to the R&R or Judge Creatura's basis for recommending the dismissal of the claims asserted in the complaint.

As a final note, the Court informs Plaintiff that, in the future, any documents appearing or purporting to be written in bodily fluids will be rejected by the Clerk and immediately destroyed, without submission to the Court.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 29th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Court notes that Plaintiff's allegations are belied by (1) the content of the grievance forms attached to his objections, (2) the fact that he submitted to the Court the original grievance forms that were written in blood—meaning that they were not actually used as grievances—and (3) the fact they are attached to a letter written in ink.